## BELDEN v. ZOPHAR MILLS, Inc.

Circuit Court of Appeals, Second Circuit.
June 17, 1929.

No. 368.

Hauff & Warland, of New York City (William E. Warland, of New York City, of counsel), for appellant.

Kenyon & Kenyon, of New York City (Theodore S. Kenyon and Cedric W. Porter, both of New York City, of counsel), for appellee.

Before MANTON, L. HAND, and CHASE, Circuit Judges.

MANTON, Circuit Judge. Appellant sued for infringement of a registered trade-

mark "Pycnoleum." The appellee answered, making a denial, and asking affirmative relief alleging its ownership of the trade-mark "Pycnoleum," by reason of a subsequent registration, and demanded an injunction and an accounting. The court below dismissed the plaintiff's bill, and granted a decree of infringement on the counterclaim, but denied an accounting.

Appellant's father, in his lifetime, did business under the name of A. G. Belden & Co., selling oils and lubricating compounds. He registered, in his own name, the trade-mark "Pycnoleum" on August 16, 1887, and renewed it under the Act of 1905 (15 USCA § 92) on June 26, 1917. In January, 1908, he extended the use of the mark to cover the sale of a composition of belt dressing and belt reclaimer, consisting of a mixture of six parts of blown rape seed oil and one part resin oil. In 1895, appellant entered his father's employ and assisted in carrying on the business until his death in May, 1918, when the business was bequeathed by will to his mother. After his father's death, appellant personally carried on the business for his mother, continuing the use of the mark "Pycnoleum" and spending a small sum each year in advertising the mark. In February, 1925, the firm discontinued business and was unable to meet its obligations.

It is claimed that in February, 1925, appellant's mother orally assigned and transferred the trade-mark, together with her interest in the business, to him. The appellee was a creditor. It was then agreed that the appellant become associated in the business of the appellee, using the mark "Pycnoleum," and solicit trade among the former customers of A. G. Belden & Co., as well as such new customers as might be procured, selling the oils, lubricating compounds, and a belt cleaner, which were manufactured by the appellee, on an arrangement for a division of the profits. This continued from February, 1925, until June 1, 1927, when the appellant severed his connection with the appellee and again established his own business. He informed the appellee that he intended to use the trade-mark "Pycnoleum." On June 7, 1927, the appellee applied for and received a registration in its name of the word "Pycnoleum," stating in its application that it had used the mark since March, 1925. No notice of this application was given to the appellant, but thereafter, in November, 1927, when the registered trade-mark was issued to the appellee, it notified him that he could not sell goods under the trade-mark "Pycnoleum."

Whatever may be the rights of appellant's mother for infringement of the trade-mark we need not now consider. The appellant never received a transfer of this registered trade-mark from her by reason of the oral assignment to him. Section 10 of the Trade-Mark Act of 1905 (33 Stat. 727, c. 592 [15 USCA § 90]) provides that every registered trade-mark, and every mark for the registration of which application has been made, together with the application for registration, shall be assignable in connection with the good will of the business in which the mark is used. But such an assignment must be in writing, duly acknowledged according to the laws of the country or state in which the same is executed. It is void as against any subsequent purchaser for a valuable consideration without notice, unless it is recorded in the Patent Office within three months from the date thereof. Under the statute, this oral assignment was ineffectual to transfer title. Kidd v. Johnson, 100 U. S. 617, 25 L. Ed. 769; President Suspender Co. v. Macwilliam, 238 F. 159 (C. C. A. 2nd). A common-law trade-mark may be conveyed with the sale of a business by oral transfer. Carroll v. Duluth Superior Milling Co., 232 F. 675 (C. C. A. 8th). But here we have a registered trade-mark and the statute is controlling.

Moreover, the oral permission of his mother, upon the discontinuance of the business, to the appellant, consenting to the use of the mark, was stated by him to be of assistance in his "trying to make a living somewhere," and, he said, "she told me to use the mark in any way I could to further the needs of my business, and see what I could make out of it," and "she gave me the right to use them and place them where I could in reference to making any profit on what I had." This oral permission to use the mark was a mere assignment in gross, and ineffective to convey title to the appellant. But with title remaining in his mother and by her consent the trade-mark was used by the appellant and appellee jointly in the sale of appellee's product. This was not an abandonment of the mark by its owner when Belden & Co. gave up business in 1925. Appellant worked for his father for years, and was sole manager of the business for seven years preceding its discontinuance, using the mark "Pycnoleum." He made it clear that it was not intended by its owner to abandon the registered trade-mark. Appellant was in a position to control the good will, and this he undertook to bring to the appellee. In doing so, and in soliciting for new business for the appellee, he gave consent only to the use of

the mark. They divided the profits. This use of the registered trade-mark therefor was joint. It was never agreed that the appellee should have any title rights in the mark; only Mrs. Belden could so contract. The appellant, having her consent to use the mark in business, could enter into this venture with the appellee; the arrangement was more than mere employment. He received no salary or regular drawing account, but a share of the profits, against which he at times drew money. It was a joint profit-sharing venture in which the appellee contributed capital and plant and the appellant the use of the trade-mark, trade, good will, and service. This use of the trade-mark was apparently with the consent of the appellant's mother. Rather than an abandonment of the registered mark, it was a persistent use of it. Saxlehner v. Eisner & Mendelson Co., 179 U. S. 19, 31, 21 S. Ct. 7, 45 L. Ed. 60. Cessation from business for a short time does not establish abandonment. Beech-Nut Packing Co. v. P. Lorillard Co., 273 U. S. 629, 632, 47 S. Ct. 481, 71 L. Ed. 810.

For the appellee, in so short a time after the end of this business venture, to register the mark as its own, upon the claim of right to do so after abandonment, and in this way to appropriate to itself what Mrs. Belden owned, was unlawful. The mark was a symbol of the Belden trade, which it appropriated in the manner described. Appellee's registration was ineffective. The appellant will be relieved from the decree entered on the cross-bill.

The decree will be modified, by reversing that part of the relief granted on the cross-bill and dismissing the same. The dismissal of the appellant's bill is affirmed.